

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

ENTERED
04/26/2012

| | | |
|---|---|---|
| In re: | § | |
| | § | Case  No. 09-30563-H4-13 |
| **CHARLES J. RUTH, III and** | § | |
| **JENNIFER L. RUTH,** | § | Chapter 13 |
| Debtors. | § | |
| | § | |
| | § | |
| | | |
| **CHARLES J. RUTH, III and** | § | |
| **JENNIFER L. RUTH,** | § | |
| Plaintiffs, | § | |
| v. | § | Adversary No. 10-03520 |
| | § | |
| **LVNV FUNDING, INC. and** | § | |
| **RESURGENT CAPITAL SERVICES,** | § | |
| Defendants. | § | |
| | § | |
| | § | |

**MEMORANDUM OPINION ON PLAINTIFFS' AMENDED COMPLAINT**
[Adv. Doc. No. 2]

## I. INTRODUCTION

In the suit at bar, the Chapter 13 Debtors, Charles J. Ruth, III and Jennifer L. Ruth (the Plaintiffs) request this Court to disallow the proof of claim, specifically Claim No. 10, filed by Resurgent Capital Services and LVNV Funding, Inc. (the Defendants) and request affirmative relief in the form of sanctions for abuse of the proof of claim process and a damages award for vexatious litigation against the Defendants.  [Adv. Doc. No. 2].  For the reasons set forth herein, all relief requested by the Plaintiffs is denied.

The Court makes the following Findings of Fact and Conclusions of Law pursuant to Federal Rule of Civil Procedure 52, as incorporated into Federal Rule of Bankruptcy Procedure 7052, and Bankruptcy Rule 9014. To the extent that any Finding of Fact is construed to be a

1

Conclusion of Law, it is adopted as such. To the extent that any Conclusion of Law is construed to be a Finding of Fact, it is adopted as such. The Court reserves the right to make any additional Findings and Conclusions as may be necessary or as requested by any party.

## II. FINDINGS OF FACT

1. On January 29, 2009, the Plaintiffs filed their Chapter 13 bankruptcy petition. [Main Case Doc. No. 1]. The Plaintiffs' initial plan, proposing to pay unsecured creditors nothing, was also filed on January 29, 2009. [Main Case Doc. No. 2].

2. On February 11, 2009, notice of the Chapter 13 case was filed, establishing June 4, 2009 as the deadline for filing proofs of claim. [Main Case Doc. No. 17].

3. On March 27, 2009, the Defendants filed two proofs of claim.[1]  Proof of Claim No. 10 (Claim No. 10) was for $547.58. [*See* Adv. Doc. No. 2, Ex. A].  Claim No. 10 contains the last four digits of an account number and lists the creditor's name as "LVNV Funding LLC and its successors and assigns as assignee of MHC Receivables, LLC."  Claim No. 10 is signed by Joyce Montjoy, Bankruptcy Recovery Manager of Resurgent Capital Services.  The basis for the claim is "UNSECURED CHARGEOFF" from account number 6671.  There are three documents attached to Claim No. 10.  One is entitled "Proof of Claim – Account Detail" and sets forth the amount of the claim, and the account number, among other rudimentary information.  Although the Defendants put an "X" on the box located on the form designating that the claim includes "interest or other charges," the first document contains no itemized statement of interest or other charges.  The second document attached to the claim form is entitled "Assignment of Accounts and

---

[1] One of the Defendants' proofs of claim, for account number 2437, is in the amount of $310.28.  The second proof of claim, for account number 6671 (Claim No. 10), is for $547.58.  [*See* Main Case Doc. No. 78].  The Plaintiffs request disallowance of only Claim No. 10.  [*See* Adv. Doc. No. 13, ¶ 4(a)].

Bill of Sale," and sets forth that an entity known as MHC Receivables LLC (MHC) has assigned to Sherman Originator LLC (Sherman) all of its rights in "unsecured consumer credit card accounts which are described on computer files . . . . There is no other document attached to this assignment setting forth that the credit card debt of the Debtors was ever owned by MHC. The third document attached to the claim is entitled "Sale and Assignment," and sets forth, among other things, that Sherman has assigned all of its rights in "the Receivable Assets (as defined in the Agreement)" to LVNV Funding, Inc. There is no document attached to this assignment setting forth what the definition is of the Receivable Assets. Thus, the documentation attached to Claim No. 10 fails to completely satisfy the requirements of the form—i.e. Official Form 10. Specifically, the Defendants have failed to attach an itemized statement of interest and charges, plus documents supporting the claim and the Defendants' ownership of the claim. [Adv. Doc. No 2, Ex. A].

4.   The Plaintiffs did not object to Claim No. 10 on or before June 29, 2009. [*See* Main Case Docket]. Thus, Claim No. 10 was deemed allowed on June 30, 2009, by operation of Local Bankruptcy Rule 3021-1(c).[2]

---

[2] The version of Local Rule 3021-1(c) applicable in this dispute read as follows: "Payments made by the Chapter 13 trustee will only be made as follows: . . . (c) Payments on claims that are filed shall be reserved in the amount payable under the plan until the filed claim is an allowed claim. The deadline for filing objections to filed claims is 25 days after the proof of claim deadline. If no objection is filed by the deadline, the claim is an allowed claim and should be paid in accordance with the plan. Nothing in this rule precludes the reconsideration of the allowance of a claim pursuant to [11 U.S.C.] § 502(j) of the Bankruptcy Code." Therefore, for the purposes of this particular adversary proceeding, the deadline for all claim objections was June 29, 2009.

To avoid any confusion, the Court notes that subsequently this local rule was amended so that the deadline for lodging an objection to a filed claim became 21 days after the proof of claim deadline. This version of Local Bankruptcy Rule 3021-1(c) remained in effect until April 12, 2012, at which time this rule was once again amended. The Court wants to emphasize that its ruling in the dispute at bar is based upon the version of Local Rule 3021-1(c) that was in effect in June of 2009.

5.  On April 13, 2009, the Plaintiffs' plan was amended, proposing to pay unsecured creditors a one percent dividend over five years. [Main Case Doc. No. 31].

6.  More than one year later, on May 13, 2010, the Chapter 13 trustee filed his Notice of Trustee's Intent to Pay Claims (the Notice). [Main Case Doc. No. 78]. The Notice set forth that the trustee has examined proofs of claim that have been filed in the case— which included Claim No. 10—and that "the Trustee states that claims should be deemed allowed, or 'not filed' as indicated below." Claim No. 10 is then shown on page 3 of the Notice as being allowed in the amount of $547.58. Finally, on the last page, the last three paragraphs (including the prayer paragraph) expressly put creditors on notice that there is a deadline to file an objection to the Notice, and if they fail to do so, then "any objection to claim not filed within twenty days after service hereof be barred." [Main Case Doc. No. 78].

7.  On October 22, 2010, the Plaintiffs filed their Amended Complaint (the Amended Complaint),[3] requesting this Court to grant them the following relief: (1) disallowance of Claim No. 10; (2) actual and punitive damages for vexatious litigation; and (3) sanctions against the Defendants based on their conduct of willfully and intentionally filing "thousands of [proofs of claim]" without sufficient supporting documentation. [Adv. Doc. No. 2].

8.  On January 24, 2011, the Defendants filed a Motion to Dismiss Plaintiffs' Amended Complaint (the Dismissal Motion). The Defendants contend that the Amended Complaint should be dismissed because: (a) the Plaintiffs failed to object before Claim No. 10 was deemed allowed on June 30, 2009; (b) the Plaintiffs have failed to adequately

---

[3] The Plaintiffs filed the Amended Complaint on the same day as the original complaint. [Adv. Doc. Nos. 1 & 2]. The original complaint failed to include an exhibit referenced in the original complaint. The Amended Complaint cured this deficiency.

4

plead a valid cause of action; (c) no cause of action exists for an "insufficient" proof of claim under Fed. R. Bank. P. 3001 or Section 105[4] other than giving up the presumption of validity; and (d) Claim No. 10 provided some documentary proof of the debt. [Adv. Doc. No. 11].

9. On February 22, 2011, the Plaintiffs filed a Response to Defendants' Motion to Dismiss (the Response). The Plaintiffs contended that the applicable Local Bankruptcy Rules (LBR 3007-1 & 3021-1(c)) and Fed. R. Bankr. P. (Rule 3007) do not set an absolute deadline for objections to claims; the automatic deemed allowance of a claim on a certain date does not bar an objection to that claim at a subsequent date; and the Defendants did not identify any basis to grant the Dismissal Motion. In addition, the Plaintiffs argued that the Defendants have a pattern of willful and intentional inadequate filing of claims in all, if not substantially all, of the bankruptcy cases in which they file claims. [Adv. Doc. No. 13].

10. On March 21, 2011, the Defendants filed their Reply to Plaintiffs' Response to Motion to Dismiss Plaintiff's Complaint (the Reply). In the Reply, the Defendants contended that Local Bankruptcy Rule 3021-1(c) imposes a deadline for debtors to file objections to proofs of claim, a proposition that they argued is supported by case law. [Adv. Doc. No. 14, ¶ 1]. The Defendants also asserted that the Plaintiffs lack standing to request sanctions for alleged deficient proofs of claim filed in other bankruptcy cases. [Adv. Doc. No. 14, ¶ 4].

11. On July 22, 2011, this Court denied the Dismissal Motion by entering on the docket an order entitled "Order Denying Defendants' Motion to Dismiss Plaintiffs' Amended

---

[4] Any reference herein to a section is a reference to a section of the Bankruptcy Code. Any reference to "Code" is a reference to the Bankruptcy Code.

Complaint" (the Order).   [Adv. Doc. No. 25].   In the Order, this Court ruled that to determine whether cause exists for reconsidering Claim No. 10, this Court must look to 11 U.S.C. § 502(j). This Court concluded that Claim No. 10 had not been previously litigated, and thus, this Court had discretion to reconsider Claim No. 10 based on equitable principles. The Order also set forth that "[t]his Court, however, does not have sufficient evidence on the record to adequately determine whether cause exists for reconsideration of the Defendants' proof of claim." Accordingly, the Court denied the Dismissal Motion and scheduled a trial to allow the Plaintiffs to adduce testimony and introduce exhibits in order to establish whether cause exists for reconsideration of Claim No. 10. The Order stated that if the Plaintiffs could not prove that cause exists, then the relief requested by the Plaintiffs (in the pending adversary proceeding) will be denied.

12. On March 7, 2012, this Court held a trial on whether cause exists under Section 502(j) for this Court to reconsider Claim No. 10. The Plaintiffs introduced no exhibits, but they did give testimony. The Plaintiffs' counsel testified about the timing, reasoning, and initiation of the filing of the Amended Complaint. The Defendants called no witnesses, but did introduce exhibits. [Tape Recording, 3/7/12 Trial at 10:13:21 a.m.]. After listening to the testimony given at this trial, as well as closing arguments, the Court took the matter under advisement.

### III. CREDIBILITY OF WITNESSES

Three witnesses testified at trial: Johnie Patterson (Mr. Patterson), who is the attorney for the Plaintiffs and also their general bankruptcy counsel in their main Chapter 13 case. Additionally, the Plaintiffs themselves gave testimony. The Court finds that all three of these individuals are credible. However, the testimony given by the Plaintiffs was very brief and not

particularly useful in assisting this Court to render a decision.   Rather, it is Mr. Patterson's testimony which is material.

## IV.   CONCLUSIONS OF LAW

### A. Jurisdiction, Venue, and Constitutional Authority to Render a Final Judgment

The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334(b) and 157(a).   This particular dispute is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), and (O).   Additionally, this proceeding is a core proceeding under the general "catch-all" language of 28 U.S.C. § 157(b)(2).   *See In re Southmark Corp.*, 163 F.3d 925, 930 (5th Cir. 1999) ("[A] proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case."); *De Montaigu v. Ginther (In re Ginther Trusts)*, Adv. No. 06-3556, 2006 WL 3805670, at *19 (Bankr. S.D. Tex. Dec. 22, 2006) (holding that an "[a]dversary [p]roceeding is a core proceeding under 28 U.S.C. § 157(b)(2) even though the laundry list of core proceedings under § 157(b)(2) does not specifically name this particular circumstance").   Venue is proper pursuant to 28 U.S.C. § 1409(1).

Having concluded that this Court has jurisdiction over this dispute, this Court nevertheless notes that *Stern v. Marshall*, 131 S. Ct. 2594 (2011) sets forth certain limitations on the constitutional authority of bankruptcy courts to enter final orders.   In *Stern*, the debtor filed a counterclaim against a creditor who had filed a proof of claim.   The debtor's counterclaim was based solely on state law; there was no Bankruptcy Code provision undergirding the counterclaim.   *Id.* at 2611.   Moreover, the resolution of the counterclaim was not necessary to adjudicating the claim of the creditor.   *Id.*   Under these circumstances, the Supreme Court held that the bankruptcy court lacked constitutional authority to enter a final judgment on the debtor's

counterclaim. *Id.* at 2620. In the dispute at bar, this Court concludes that it has constitutional authority to enter a final judgment in the dispute at bar for the reasons set forth below.

1. The Amended Complaint Seeks Relief Based on an Express Bankruptcy Statute and Bankruptcy Rules, Not on Any State Law.

In *Stern*, the suit between the debtor's estate and the creditor concerned solely state law issues. *Id.* at 2611. In the suit at bar, the Amended Complaint arises out of whether the Defendants properly filed Claim No. 10. The relief that the Plaintiffs seek is based upon Bankruptcy Code Section 502—governing the claims allowance process—Bankruptcy Rule 3007, which governs objections to claims, and Bankruptcy Rule 3008, which governs reconsideration of claims. State law has no equivalent to this statute and these rules; they are purely creatures of the Bankruptcy Code. Accordingly, because the resolution of this dispute is based on express bankruptcy law, not state law, *Stern* is inapplicable, and this Court has the constitutional authority to enter a final judgment pursuant to 28 U.S.C. §§ 157(a) and (b)(1).

2. Resolution of This Dispute Necessarily Determines Whether Claim No. 10 Is an Allowed Claim.

As already stated, in *Stern*, the resolution of the counterclaim was not necessary to adjudicating the claim of the creditor. In the dispute at bar, however, the Plaintiffs have filed an objection to Claim No. 10, the resolution of which is necessary to adjudicating Claim No. 10. Indeed, the Plaintiffs' objection is expressly aimed at disallowing Claim No. 10. The resolution of this dispute therefore necessarily determines the validity of Claim No. 10, which was not true in *Stern*. For these reasons, this Court concludes that *Stern* has no application and that this Court has constitutional authority to enter a final judgment in this suit.

### B. Analysis of the Plaintiffs' Objection to Claim No. 10

The Plaintiffs object to Claim No. 10 on two grounds. [Adv. Docket No. 2, p.5-6]. First, the Plaintiffs assert that Claim No. 10 should be disallowed because it fails to meet Federal Rule of Bankruptcy Procedure 3001[5] standards. [Adv. Docket No. 2, p.5]. Second, the Plaintiffs argue that the Defendants are "strangers" and that they (i.e. the Plaintiffs) do not and have never owed a debt to the Defendants. [Adv. Docket No. 2, p.6].

The Defendants have responded to the Amended Complaint by requesting that this Court dismiss the objection to Claim No. 10. [Adv. Docket No. 11]. The Defendants assert that the Plaintiffs' objection is not timely. [Adv Docket No. 11, p. 5]. Alternatively, the Defendants argue that even if the Plaintiffs' objection is timely, the Plaintiffs have failed to provide sufficient evidence to prove that cause exists for this Court to reconsider Claim No. 10. [Adv. Docket No. 31, p. 7].

Given these arguments, this Court must first determine whether the Plaintiffs' objection to Claim No. 10 is timely. If it is untimely, then this suit must be dismissed.[6] If the Court finds that the objection is not untimely, the Court must then decide whether there is cause to reconsider the allowance of Claim No. 10 pursuant to 11 U.S.C. § 502(j).

---

[5] In the Amended Complaint, the Plaintiffs refer only to Rule 3001. This Rule was amended in 2011, and the amendments took effect on December 1, 2011. At the time of the filing of the Amended Complaint, Bankruptcy Rule 3001(c) read, in pertinent part, as follows: "When a claim . . . is based on a writing, the original or a duplicate shall be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim." The amendments of 2011 did not change this language, but this language is now in Rule 3001(c)(1), and an entire new subsection (2) was added. This Court applies old Bankruptcy Rule 3001(c)—which is now Bankruptcy Rule 3001(c)(1)—to the dispute at bar.

[6] In the Order (of July 22, 2011), this Court concluded that the Plaintiffs' objection was not untimely. [Adv. Doc. No. 25]. Although the Court has already decided this issue, it sets forth its reasoning in this opinion in the event an appeal is taken.

1. <u>Defendants' Argument That the Plaintiffs' Objection to Claim No. 10 Is Untimely Fails Because the Court May Reconsider the Allowance of a Claim at Any Time.</u>

The Defendants contend that the Plaintiffs' objection to Claim No. 10 is untimely due to the language in Bankruptcy Local Rule 3021-1(c). Specifically, the Defendants point to the following language in this Local Rule to support their argument: "The deadline for filing objections to filed claims is **21 days after the proof of claim deadline**. If no objection is filed by the deadline, the claim is an allowed claim and should be paid in accordance with the plan." (emphasis added). BLR 3021-1(c).

In the Plaintiffs' Chapter 13 case, under Local Bankruptcy Rule 3021-1(c), the deadline for filing an objection to the Defendants' proof of claim was on June 29, 2009. [Finding of Fact No. 4]. The Plaintiffs filed their objection on October 22, 2010, approximately sixteen months after the deadline calculated by Local Rule 3021-1(c). [Finding of Fact No. 7]. The Plaintiffs do not dispute that their objection to the Defendants' proof of claim was filed beyond the deadline pursuant to Local Bankruptcy Rule 3021-1(c). [Adv. Docket No. 2]. Nonetheless, they argue that the Defendants' interpretation of Local Rule 3021-1(c) is erroneous. [Adv. Docket No. 25, p. 3]. This Court agrees. Contrary to the Defendants' arguments, Rule 3021-1(c) does not bar the Plaintiffs' objection. [Adv. Docket No. 25, p. 3]. In addition to the language in Rule 3021-1(c) cited above, Rule 3021-1(c) also expressly states that "Nothing in this rule precludes the reconsideration of the allowance of a claim pursuant to § 502(j) of the Bankruptcy Code." Importantly, § 502(j) does not place time restrictions on requests for the reconsideration of claims. Accordingly, this Court finds that the Plaintiffs' objection to Claim No. 10 is not barred

due to untimeliness.[7]   Thus, this Court will now assess whether Claim No. 10 should be reconsidered for cause under 11 U.S.C. § 502(j) and Fed. R. Bankr. P. 3008.

> ### 2.  Plaintiffs Have Failed to Establish Cause to Reconsider Claim No. 10, and therefore Claim No. 10 Remains an Allowed Claim.

Under § 502(j), a court may reconsider the allowance of a claim if the objecting party can show cause. Specifically, § 502(j) states that "[a] claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case." The Fifth Circuit has held that bankruptcy courts may exercise "virtually plenary" discretion when deciding whether to reconsider a claim. *Colley v. Nat'l Bank of Tex. (In re Colley)*, 814 F.2d 1008, 1010 (5th Cir. 1987) (internal citations omitted).

However, the Fifth Circuit has held that courts should exercise caution when applying this expansive discretion. *See Colley*, 814 F.2d at 1010. It has urged bankruptcy courts not to allow parties to use § 502(j) as a means to rehash already litigated issues. *See id.* Specifically, the Fifth Circuit concluded in *Colley*:

> The court's broad discretion should not, however, encourage parties to avoid the usual rules for finality of contested matters. Bankruptcy Rule 9024 incorporates Federal Rule of Civil Procedure 60 into all matters governed by the Bankruptcy Rules except, inter alia, "the reconsideration of an order allowing or disallowing a claim against the estate entered without a contest is not subject to the one year limitation prescribed in Rule 60(b) . . . ." We interpret 9024 to provide that, when a proof of claim has in fact been litigated between the parties to a bankruptcy proceeding, the litigants must seek reconsideration of the bankruptcy court's determination pursuant

---

[7] Nor is the objection untimely under the Notice. Although the Notice requests "that any objection to claim not filed within twenty days after service [of the Notice] hereof be barred," [Finding of Fact No. 6], this Court has never entered an order to this effect. Indeed, the Notice was not accompanied by a proposed order. If the Chapter 13 trustee had wanted this Court to sign such an order, then he would have filed a motion requesting such relief, together with a proposed order, as is required by Local Bankruptcy Rule 9013-1(h). Thus, just as the deadline for lodging objections to claims set forth in Local Bankruptcy Rule 3021-1(c) does not bar invocation of Section 502(j), neither does the deadline set forth in the Notice. If anything, the deadline set forth in the Notice provides protection to the Chapter 13 trustee should any party subsequently complain that the trustee has made payments to a particular claimant. The trustee can point to the Notice to demonstrate that all parties were put on notice that if they did not object to the claims listed on the Notice, the claim would be deemed allowed for purposes of distribution pursuant to the confirmed plan, and the trustee would therefore be making disbursements to this claimant.

to the usual Rule 60 standards if they elect not to pursue a timely appeal of the original order allowing or disallowing the claim.  The elaboration of Section § 502(j)'s requirement of "cause" for reconsideration by the Rule 60 criteria substantially eliminates the "tension with the right of an appeal from an erroneous final order."

*Id.*

Accordingly, Fifth Circuit precedent requires that bankruptcy courts apply Fed. R. Civ. P. 60(b)[8] standards to the reconsideration of claims **that have in fact been litigated**—which impliedly means that Rule 60(b) standards do not apply if the parties have **not** in fact litigated the proof of claim.  *Id.*  Because § 502(j) also applies to claims that the parties have not in fact litigated, when a bankruptcy court is reconsidering a claim under these circumstances, Rule 60(b) standards do not apply.  *Id.*  Indeed, in applying Fifth Circuit law, this Court has already held that:

> [I]f the parties have not litigated the merits of the proof of claim, Rule 60 is inapplicable and the bankruptcy court has wide discretion pursuant to § 502(j) to determine whether "cause" exists for reconsidering the allowance of a claim.

*In re Jack Kline Co.*, 440 B.R. 712, 741 (Bankr. S.D. Tex. 2010).

Therefore, after concluding that Rule 60(b) standards apply to previously litigated proofs of claim, this Court must now determine whether the merits of Claim No. 10 have in fact been previously litigated.

> i.   *Claim No. 10 Was Not Previously Litigated by the Parties in This Case.*

The Court finds that the merits of the Defendants' Claim No. 10 have not in fact been previously litigated.  This Court has held that if no party objects to the allowance of a claim, then the merits of the claim will not be deemed litigated "until the conclusion of the case"—and the Plaintiffs' main Chapter 13 case is certainly not concluded, as the Plaintiffs are making payments

---

[8] Fed. R. Civ. P. 60(b) is applicable in all bankruptcy cases and adversary proceedings pursuant to Fed. R. Bankr. P. 9024.

under their confirmed plan.[9]   *Id.*   Additionally, this Court has held that "[p]roofs of claims themselves are not final judgments giving rise to res judicata, but the bankruptcy court's allowance or disallowance of a proof of claim is a final judgment." *In re Hence*, No. 06-32451, 2007 WL 4333834, at *4, 2007 Bankr. LEXIS 4156, at *15 (Bankr. S.D. Tex. Dec. 5, 2007) (internal citation omitted).

In the dispute at bar, nothing in the record suggests that the merits of Claim No. 10 have ever been litigated.  In fact, the Plaintiffs did not object to Claim No. 10 until after this claim became an allowed claim.  [Findings of Fact Nos. 4, 6, & 7].  Accordingly, this Court concludes that Claim No. 10 has not in fact been litigated.  Therefore, in this adversary proceeding, the Court is not required to apply the Rule 60(b) standards in reconsidering Claim No. 10.  Instead, this Court may exercise its "virtually plenary" discretion and the equities of the case to determine whether Claim No. 10 should be reconsidered.

> ii.  *The Plaintiffs Have Not Shown Cause to Reconsider Claim No. 10 Pursuant to § 502(j).*

Federal Rule of Bankruptcy Procedure 3001(f) states that an allowed proof of claim is prima facie evidence of the validity and amount of a claim.  *See also* 11 U.S.C. § 502(a). Therefore, the objecting party bears the burden of proof in establishing cause for reconsidering an allowed claim.  *See Jack Kline*, 440 B.R. at 742 (holding that proof of claim should not be reconsidered because objecting party had not established that claim was inappropriate or fraudulent).  The Court finds that the Plaintiffs, as the objecting parties, have not met the burden of proof necessary to overcome the presumptive validity of Claim No. 10.

---

[9]  The Debtors' plan was confirmed on May 21, 2009, [Main Case Doc. No. 44], and the Debtors are required to make monthly payments over sixty months.  [Main Case Doc. No. 32].  Thus, this case has by no means been concluded.

The trial held on March 7, 2012 afforded the Plaintiffs the opportunity to adduce testimony and introduce exhibits to establish cause for reconsideration of Claim No. 10. The Plaintiffs, however, provided very little evidence to meet their burden. [*See* Finding of Fact No. 10]. At this hearing, the Plaintiffs' counsel, Mr. Patterson, gave testimony that he, unilaterally, decided to object to Claim No. 10 because he believes that this claim is unenforceable on its face. Mr. Patterson also testified that he objected because the Defendants were not the original creditors holding the debt in issue.[10]

Mr. Patterson, however, gave no sound reason as to why he waited so long to file the objection. He did not file this objection until October 22, 2010, [Finding of Fact No. 7], which is almost sixteen months after Claim No. 10 became an allowed claim under Local Bankruptcy Rule 3021-1(c), [Finding of Fact No. 4], and almost five months after Claim No. 10 became a "deemed allowed" claim under the Notice. [Finding of Fact No. 6]. For the Chapter 13 system to operate efficiently and effectively, the Chapter 13 trustee, and all creditors who have filed claims, need to know relatively soon what the universe of allowed claims will be so that the trustee can make the proper distributions to creditors once the plan is confirmed. Necessarily,

---

[10] The Court agrees with Mr. Patterson that the documents attached to Claim No. 10 are insufficient to conclusively establish that the Defendants are the present holders and owners of the claim. The assignments attached to Claim No. 10 do not specifically reference any obligation owed by the Debtors. Moreover, the so called "Agreement" and "Receivable Assets" (identified on the so-called "Receivable File"), which are referenced in the assignments, are not attached. Thus, there is no document connecting any obligation owed by the Debtors to any receivable assigned to the Defendants. Stated differently, the blanket assignments attached to Claim No. 10 contain no reference to the creditor originally holding the debt. The document attached to Claim No. 10 entitled "Proof of Claim – Account Detail" does refer to an account number with the last four digits being 6671, and the Debtors' Amended Schedule F does reference these same four digits in representing that the Debtors owe Credit One the sum of $789.62. But, aside from the fact that $789.62 is a different figure than $547.58 (i.e. the amount set forth in Claim No. 10), there is no assignment attached to Claim No. 10 showing that Credit One ever assigned the debt owed by the Debtors to either of the Defendants, nor do either of the two assignments that are attached to Claim No. 10 ever mention Credit One. Finally, the Defendants did not attach to Claim No. 10 a statement of the circumstances as to why there are no documents attached to the assignments showing that the obligation owed by the Debtors was actually assigned to the Defendants (For example, have these documents been lost or destroyed, or are they too voluminous to attach to Claim No. 10?).

Despite all of these failings, Claim No. 10 is nevertheless presumptively valid, as this claim became an allowed claim when no objections were filed pursuant to the deadlines set forth in Local Bankruptcy Rule 3021-1(c) and the Notice. [Finding of Fact Nos. 4 & 6]. Therefore, the Plaintiffs have the burden to overcome this presumption.

therefore, once a claim is filed, Local Bankruptcy Rule 3021-1(c) reminds debtors to lodge objections; and once the trustee files the Notice, debtors (and, for that matter, any other creditors) are reminded to lodge objections. While § 502(j) does not impose any deadline for reconsideration of claims, there must be a sound reason for lodging an objection months later when the objection could have been lodged within the deadlines set forth in Local Bankruptcy Rule 3021-1(c) and the Notice. Mr. Patterson's reason—which is essentially that he did not file the objection for several months because he did not believe it was economically prudent, but then changed his mind—is not a sufficiently sound basis to establish cause for reconsideration of Claim No. 10. And, although "Section 502(j) allows reconsideration of the claim according to the equities of the case," *In re Hernandez*, 282 B.R. 200, 207 (Bankr. S.D. Tex. 2007), the Plaintiffs have failed to provide any evidence demonstrating that there is an equitable basis for reconsideration of Claim No. 10. Accordingly, this Court concludes that the Plaintiffs have failed to meet the burden of proof necessary to overcome Claim No. 10's presumptive validity. Therefore, this Court concludes that Claim No. 10 remains an allowed claim.

> 3. <u>Sanctions Against the Defendants are not Appropriate Under Section 105 and this Court's Inherent Powers.</u>

The Court has discretion under its inherent authority to examine the facts as established and "may impose sanctions against litigants or lawyers appearing before the court so long as the court makes a specific finding that they engaged in bad faith conduct." *Knight v. Luedtke (In re Yorkshire, LLC)*, 540 F.3d 328, 332 (5th Cir. 2008) (citing *Elliott v. Tilton*, 64 F.3d 213, 217 (5th Cir. 1995)). The Plaintiffs seek sanctions because they assert that Claim No. 10 falls woefully short of satisfying the documentary requirements of Fed. R. Bankr. P. 3001. The Plaintiffs' argument presumably is that the Defendants' failure to comply constitutes bad faith conduct

given the fact that this Court has previously taken the Defendants to task for failing to attach appropriate documentation to their proofs of claim. *In re DePugh*, 409 B.R. 84, 103 (Bankr. S.D. Tex. 2009).

There is no question that this Court has previously held that the Defendants' failure to comply with Bankruptcy Rule 3001 by attaching required documents and providing sufficient information constitutes "bad faith" because such failure is a "willful disregard of and a refusal to learn the facts when available and at hand." *Id.* (citing *Citizens Bridge Co. v. Guerra*, 258 S.W.2d 64, 69-70 (1973)). Indeed, several years ago, three bankruptcy judges for the Northern District of Texas issued a joint opinion in *In re Armstrong* explaining the sort of documentation that a claimant must produce in order to avail its claims of prima facie validity pursuant to Bankruptcy Rule 3001(f). 320 B.R. 97, 103–06 (Bankr. N.D. Tex. 2005). Holders of consumer claims, like the Defendants in this case, must provide "an account statement containing the debtor's name, account number, the prepetition account balance, interest rate, and a breakdown of the interest charges, finance charges and other fees that make up the balance of the debt, or attach enough monthly statements so that this information can be easily determined." *Id.* at 106;[11] *see also In re Relford*, 323 B.R. 669, 674 (Bankr. S.D. Ind. 2004) ( "[A] credit card or consumer credit claim is based on both the credit card agreement and proof of the credit card's actual use. Accordingly, a claim for such debt must include the parties' credit agreement (and any amendments thereto), as well as evidence regarding the debtor's use of the credit card or consumer account."). Additionally, a claimant whose claims have been assigned—also like the

---

[11] Bankruptcy Rule 3001(c)(2)(A), which is a new rule that took effect on December 1, 2011, substantially adopts the requirements set forth in *Armstrong*. This subsection of the Rule reads as follows: "In a case in which the debtor is an individual: (A) If, in addition to its principal amount, a claim includes interest, fees, expenses, or other charges incurred before the petition was filed, an itemized statement of the interest, fees, expenses, or charges shall be filed with the proof of claim."

Defendants in this case—must "document its ownership of the claim" and produce "a signed copy of the assignment and sufficient information to identify the original credit card account." *Id.* (quoting *In re Hughes,* 313 B.R. 205, 212 (Bankr. E.D. Mich. 2004)).

Claim No. 10 falls short of compliance with these requirements because it is nothing more than a bare allegation that the Plaintiffs owe some amount of money based on "UNSECURED CHARGEOFF" with respect to an account ending in 6671. [*See* Finding of Fact No. 3]. It was incumbent on the Defendants to produce sufficient documentation supporting their claim. *See In re Armstrong*, 320 B.R. at 106. They have not done so, just as they did not do so in *In re DePugh*.[12] 409 B.R. 84 (Bankr. S.D. Tex. 2009). Based on the Defendants' previous interactions with this Court concerning this same issue of bad faith in filing proofs of claim,[13] they cannot argue their deficient filing of Claim No. 10 was an honest mistake. This Court has previously held this type of behavior to be in bad faith.

However, here, the Plaintiffs filed their objection to Claim No. 10 almost sixteen months after the twenty-one day deadline set forth in Local Bankruptcy Rule 3021-1(c). [*See* Finding of Fact Nos. 3, 4, 6, & 7]. Moreover, the objection was filed approximately five months after the deadline had passed pursuant to the Notice. [Finding of Fact Nos. 6 & 7]. This Court declines to impose sanctions given the significant delay in the Plaintiffs' filing of their objection to Claim No. 10.

---

[12] *See supra* note 10.

[13] *See generally In re DePugh*, 409 B.R. 84 (Bankr. S.D. Tex. 2009). This case concerned amendments to four proofs of claim that did not comply with Bankruptcy Rule 3001 filed by the LVNV and Resurgent Capital Services, the same defendants in the suit at bar. *Id.* at 91-95. In considering the defendants' motion to amend their original proofs of claim, this Court concluded that the defendants had filed the initial proof of claim in bad faith. Accordingly, the Court denied the motion to amend. *See also In re Gilbreath*, 395 B.R. 356 (Bankr. S.D. Tex. 2008).

Alternatively, even if this Court were to disregard the timing of the filing of the objection in its analysis, the Plaintiffs do not have standing to argue a pattern of behavior by the Defendants in cases other than their own. The Plaintiffs contend that the deficient Claim No. 10 filed by the Defendants is part of an ongoing business strategy constituting an "abuse of the system" that must be sanctioned. [Adv. Doc. No. 13]; *see* Fed. R. Bankr. P. 9011. The Plaintiffs assert that the Defendants have a pattern of willful and intentional conduct, filing "hundreds, if not thousands" of inadequate claims in this Court. [*See* Finding of Fact No. 7]. The Plaintiffs ask this Court to "rely on the public record and its knowledge of the claims filed by the Defendants in the Southern District of Texas." [Adv. Doc. No. 13, ¶ 4(e)]. The Plaintiffs acknowledge that they have not sought sanctions based upon the Defendants' filing of this the single claim (i.e. Claim No. 10) in their bankruptcy case; rather, they seek sanctions and disallowance of Claim No. 10 based upon the Defendants' improper filing of claims in not only the pending case, but many other cases. [Adv. Doc. No. 13, ¶ 4(a)].

In the context of standing, there is a "general prohibition on a litigant's raising another person's legal rights." *Allen v. Wright*, 468 U.S. 737, 751 (1984). To invoke this Court's jurisdiction, the Plaintiffs must have a personal stake in the outcome of the controversy, which is satisfied if they have suffered a "distinct and palpable injury"[14] that is "fairly traceable to the challenged action, and relief from the injury must be 'likely' to follow from a favorable decision." *Allen*, 468 U.S. at 751. The Plaintiffs, however, do not specifically allege they are directly injured by the Defendants' conduct in this case, but attempt to obtain sanctions in this case based on alleged wrongs in other unrelated bankruptcy cases. This, they cannot do. Thus, the Plaintiffs lack standing to seek sanctions based on allegedly inadequate proofs of claim filed in other debtors' bankruptcy cases. Without standing, this Court does not have jurisdiction to

---

[14] *Warth v. Seldin*, 422 U.S. 490, 501 (1975).

determine this issue; *Wells Fargo Bank, N.A. v. Stewart (In re Stewart)*, 647 F.3d 553, 557 (5th Cir. 2011), and accordingly, this Court refuses to impose sanctions.

#### 4.   The Plaintiffs' Vexatious Litigation Claim Also Fails.

The United States Supreme Court has held that federal courts possess the inherent power to police the conduct of the attorneys and parties who appear in the federal courts. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991).  Courts may also use these powers to assess fees against parties who pursue vexatious litigation. *Id.* However, Fifth Circuit precedent states that a court must use its powers to sanction narrowly to only address a particular misconduct. *See Topalian v. Ehrman*, 3 F.3d 931, 936 (5th Cir. 1993). Furthermore, the Fifth Circuit has defined vexatious litigation as conduct that evidences "bad faith, motive, or reckless disregard of the duty owed to the courts." *Edwards v. Gen. Motors Corp.*, 153 F.3d 242, 246 (5th Cir. 1998).  At least one bankruptcy judge in this District, the Honorable Letitia Z. Paul, has characterized vexatious litigation as conduct that leads to increased costs for the opposing party and multiplicity in litigation. *In re Rollings*, No. 04-31511, 2008 Bankr. LEXIS 993 at *25 (Bankr. S.D. Tex. Mar. 31, 2008).

In *Rollings*, Judge Paul found that the respondents' conduct was vexatious because their continued requests for discovery and filing of baseless motions resulted in increased litigation and costs to the debtor. *Id.*  In *Rollings*, the debtor filed a Chapter 13 case and subsequently converted the case to a Chapter 7 case. *Id.* at *3.  The respondents then filed a complaint to determine dischargeability. *Id.*  Additionally, the discovery request included nine extensive interrogatories and thirty-six different requests for production. *Id.* Judge Paul rejected the respondents' explanation that their extensive discovery tactics were employed only to obtain information from the debtor.  Accordingly, Judge Paul held that respondents misused the

discovery process to harass the debtor that resulted in "increasing costs and multiplying . . . litigation before this court." *Id.* at *4.

In the dispute at bar, the Plaintiffs' vexatious litigation claims fails for various reasons. Unlike the debtor in *Rollings*, who was subjected to extensive litigation costs, the Plaintiffs have not provided evidence of any multiplicity of litigation or costs in their case. [Adv. Docket No. 2]. Instead, virtually all of the Plaintiffs' vexatious litigation claims are founded on the Defendants' conduct **in other cases**. [Adv. Docket No. 2, p. 9-10]. As discussed in the previous section concerning sanctions, the Plaintiffs are not parties in these other cases, and therefore do not have standing to seek relief for the Defendants' alleged misconduct in those cases.

Finally, the Plaintiffs challenge only one claim against the estate: Claim No. 10. The filing of this claim has not led to extensive examinations or any court filings outside of the normal litigation process. Indeed, the Plaintiffs have not provided sufficient evidence to support a finding of multiplicity in litigation or that the Defendants filed Claim No. 10 to increase costs to the Plaintiffs. In sum, the Court concludes that the Plaintiffs have not provided sufficient evidence to support their assertion of vexatious litigation by the Defendants. Accordingly, the relief requested by the Plaintiffs will be denied.

## V.  CONCLUSION

Creditors should not be permitted to deliberately file woefully deficient proofs of claim in the hope that the debtor will not object to their violations of Bankruptcy Rule 3001. *See, e.g., In re DePugh*, 409 B.R. at 104 (concluding the defendant's "utter disregard for Bankruptcy Rule 3001's requirements when filing its original proofs of claim amounts to bad faith."); *In re Gilbreath*, 395 B.R. 356, 367 (Bankr. S.D. Tex. 2008) (disallowing proofs of claim amendments due to the delayed attempts to amend well after the hearing on the debtor's objections combined

with the "blatant disregard for Bankruptcy Rule 3001"); *In re Today's Destiny, Inc.*, No. 05-90080, 2008 WL 5479109, at \*5-7 (Bankr. S.D. Tex. Nov. 26, 2008) (distinguishing three proofs of claim categories: (1) allowing proofs of claim that fully complied with Rule 3001, (2) allowing those that substantially complied with 3001, but (3)  disallowing those claims that failed to comply with 3001—i.e. provided no supporting documentation—such that the debtor could not evaluate the validity of the claim); *see also Caplan v. B-Line, LLC (In re Kirkland)*, 572 F.3d 838, 841 (10th Cir. 2009) (affirming the disallowance of a claim because the creditor failed to produce a single document to support its claim and failed to explain its failure to attach supporting documentation).

While this Court has already taken the Defendants to task for such failures in a prior case, *DePugh*, 409 B.R. at 104, it is still incumbent on all debtors (including the Plaintiffs here) to timely file objections to proofs of claim pursuant to the Local Rules and notices sent by the trustee as to which claims he believes are allowed claims that merit payment.  Here, the Plaintiffs failed to timely file their objection to Claim No. 10.  The Plaintiffs' objection to Claim No. 10, therefore, should be denied. Additionally, due to the delayed objection well beyond the deadlines of Local Rule 3021-1(c) and the Notice, plus the Plaintiffs' lack of standing to assert that the Defendants have filed inadequate proofs of claim in other bankruptcy cases, this Court will not impose sanctions.

A decision not to sanction the Defendants or award damages for vexatious litigation, however, does not imply that their conduct has been entirely appropriate.  Indeed, this Court is very discouraged by the Defendants' continued failure to attach all documents evidencing that they are the present owners of the debt or, alternatively, to attach an explanation as to why not all of the documents can be attached.  That is, after all, what Bankruptcy Rule 3001(c)(1) and the

proof of claim form (i.e. Form 10) require.   Moreover, this Court is discouraged by the Defendants' failure to provide a breakdown of the interest charges and other fees that comprise the debt figure set forth in Claim No. 10—information which is now required by Bankruptcy Rule 3001(c)(2)(A).   The Court hopes that this Opinion will encourage the Defendants to fully comply with Rule 3001 in the future.   The Court also trusts that debtors will timely object to those proofs of claim that they believe fail to comply with Bankruptcy Rule 3001.

A judgment consistent with this Memorandum Opinion will be entered on the docket simultaneously with the entry on the docket of this Memorandum Opinion.

Signed on this 26th day of April, 2012.

Jeff Bohm
United States Bankruptcy Judge